UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTINE TIMMON,

    Plaintiff,

v.                                                                  Case No. 1:08-CV-645

BRIAN JEFFRIES, PRESIDENT,                          HON. GORDON J. QUIST
LANSING CITY COUNCIL, AND
CHRISTOPHER SWOPE,
LANSING CITY CLERK,

    Defendants.
_____/

**OPINION**

**I.    Background**

Plaintiff Christine Timmon attended a Lansing City Council (City Council) meeting on July 7, 2008. Before the 7:00 p.m. meeting, Defendant Christopher Swope, the City Clerk, distributed a registration form for those wishing to participate in public comment. (Docket no. 19-5 at 2.) Rule 16 of the City Council for the Order of Business, which was amended on September 18, 2006, (docket no. 19 at 3), regulates the time, place and manner of public comment at City Council meetings. (Docket no. 6 at 2.) Collection of the registration form for public comment was the eighth item on the meeting's order of business, (*id.*), as it is at each City Council meeting. (*Id.*) Just before public comment began, Swope announced that the registration form would be collected in two minutes. The form was collected and public comment began at 7:09 p.m. (Docket no. 1 at 3.) Timmon arrived at 7:12 p.m. (*Id.*) Since the registration period ended when public comment began, Timmon was not permitted to speak at the meeting. (*Id.*) Timmon filed suit against Swope and City

Council President Brian Jeffries. She alleges the council's registration process is arbitrary, that it abridges the public's First Amendment right to free speech and Fourteenth Amendment right to due process, and that her First and Fourteenth Amendment rights were violated when she was not permitted to speak. She seeks an injunction prohibiting Defendants from "enforcing this chaotic and confusing method of determining public speaking time," and requiring them to adopt procedures that do not infringe her First and Fourteenth Amendment rights. She also requests $5,000,000 in damages. Both parties have filed a motion for summary judgment. Timmon has also requested oral argument. The Court has determined that oral argument is not necessary to decide these motions.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. A material fact is defined by substantive law and is necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A genuine issue of fact exists if a reasonable jury could find for the non-moving party. *Id.* The Court must draw all inferences in the light most favorable to the non-moving party. However, a mere "scintilla of evidence in support of the [moving party's] position" is insufficient. *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512.

### B. First Amendment Claim

Freedom of speech in the United States, though cherished, is not absolute. "Content-based regulation[] [is] presumptively invalid." *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382, 112 S. Ct. 2538, 2542 (1992). A narrow range of content-based proscriptions are permissible, however. *Id.* at 382-83, 112 S. Ct. 2542-43. Content-based regulation must "serve a compelling state interest and [be] narrowly drawn to achieve that end." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*,

2

460 U.S. 37, 45, 103 S. Ct. 948, 955 (1983) (internal quotations omitted).  Speech may also be subjected to content-neutral regulation of its time, place and manner.  *Id.*

The scrutiny applied to time, place and manner restrictions depends on the nature of the forum.  The Supreme Court categorizes forums as public, designated (or limited) public, or nonpublic.  *Id.*, 103 S. Ct. at 954-55.  Public forums are "places which by long tradition or by government fiat have been devoted to assembly and debate," such as streets and parks.  *Id.*  A limited public forum is "public property which the state has opened for use by the public as a place for expressive activity."  *Id.*  Viewpoint-neutral time, place and manner restrictions of speech in public and limited public forums must be "narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."  *Id.  See also Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788, 818, 105 S. Ct. 3439, 3457 (1985).  Greater restrictions may be placed on speech in nonpublic forums.  There, viewpoint-neutral regulations must be reasonable.  *United States Postal Service v. Council of Greenburgh Civic Assocs., et al.*, 453 U.S. 115, 131, 101 S. Ct. 2676, 2686 (1981); *Cornelius*, 473 U.S. at 806, 105 S. Ct. at 3451.

The Lansing City Council meeting is a designated public forum.  *Perry*, 460 U.S. at 45-46, 103 S. Ct. at 955; *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990); *Gault v. City of Battle Creek*, 73 F. Supp. 2d. 811, 814 (W.D. Mich. 1999).  It is well-settled that "reasonable and viewpoint neutral" regulation of speech at City Council meetings is no affront to the public's First Amendment rights.  *Gault*, 73 F. Supp. 2d at 814 (internal quotations omitted).  The regulation of speech at the City Council meetings comports with the requirements of the First Amendment if it is narrowly tailored to serve a significant government interest and preserves ample alternative channels of communication.

3

Although content regulation is not at issue in this case, it bears mention that the *White* court held that a city council could confine public comment "to the subject at hand" and forbid "disruptive," "irrelevant or repetitious" speech. *Id.* (internal quotations omitted). It also noted that "speaking too long," being repetitious, and discussing irrelevancies could "interfere with the rights of other speakers." *Id.* at 1426. Narrowly tailored regulation of speech at City Council meetings not only ensures that the council may effectively conduct its business in public, it preserves the First Amendment rights of everyone in attendance.

The regulation of speech is viewpoint-neutral if it is "justified without reference to the content of the regulated speech." *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293, 104 S. Ct. 3065, 3069 (1984). The regulation at issue is thus viewpoint-neutral. It does nothing more than regulate time, place and manner. Furthermore, Timmon has not alleged that her participation in public comment was restricted on account of the content of her speech. To be narrowly tailored, a restriction need only "promote[] a substantial governmental interest that would be achieved less effectively absent the regulation." *Lowery v. Jefferson County Bd. Of Educ.*, 522 F. Supp. 2d 983, 992 (E.D. Tenn. 2007). It need not be the least restrictive means necessary.

A City Council meeting is "a governmental process with a governmental purpose. The Council has an agenda to be addressed and dealt with." *White*, 900 F.2d at 1425. The City Council has a substantial interest in ensuring order at its meetings so it can conduct its business. Its restrictions on the time, place and manner of public comment at its meetings facilitate this interest. They are thus narrowly tailored to achieve a substantial government interest. Their burden on speech is minuscule, Timmon's criminations notwithstanding. The registration form was available before the meeting until it was collected as the eighth item of business. All Timmon had to do to speak was sign up during that time. The City Council's regulation of public comment also preserves

ample alternative channels of communication. Each weekly City Council meeting presents the opportunity to speak. Timmon could have spoken the week before, or the week after. The record reveals that she has availed herself of this opportunity on numerous occasions. On the day in question, were she unable to arrive in time to register, she could have distributed a letter to the members of the council or handed out to those present a flyer expressing her point of view. She could have spoken individually with members of the council or the public after the meeting.

Regulations similar to these have been upheld repeatedly. *See, e.g., Bach v. School Bd. of the City of Virginia Beach*, 139 F. Supp. 2d 738 (N.D. Va. 2001); *Hernandez v. Duncanville School District*, No. 3:04-CV-2028, 2005 WL 3293995 (N.D. Tex. Dec. 5, 2005). They are reasonable, viewpoint-neutral restrictions on the time, place and manner of public comment at City Council meetings, narrowly drawn to further a significant government interest, and they afford ample alternative channels of communication. They do not infringe Timmon's First Amendment rights.

### C.   Fourteenth Amendment Claim

Timmon has also characterized her claim as a violation of her Fourteenth Amendment right to due process. However, the rights implicated in Timmon's Complaint are clearly protected by the First Amendment. "Where a particular Amendment provides an explicit textual source of constitutionalized protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842, 118 S. Ct. 1708, 1714 (1998) (quoting *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 813 (1994) (Rehnquist, C.J., plurality)). Accordingly, Timmon's claim is examined under the preceding analysis of First Amendment jurisprudence.

### III.    Conclusion

For the aforementioned reasons, the City Council's restrictions on the time, place and manner of public comment at its meetings are viewpoint-neutral, narrowly drawn, provide ample alternative channels of communication, and therefore do not infringe Timmon's First Amendment rights.

A separate Order will issue.


Dated:  January 30, 2009                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE